UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID WILLIAM LINDER,               )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )    No. 2:24-cv-00507-JPH-MJD
                                    )
ARCHIVIST Chief,                    )
NARA,                               )
                                    )
                    Defendants.     )

**ORDER DISMISSING ACTION AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff David Linder is incarcerated at the Terre Haute Federal Correctional Institution. He filed this action on October 18, 2024. Dkt. 1. The Court screened his complaint, concluding that it failed to state a claim upon which relief can be granted. Dkt. 9. The Court gave Mr. Linder an opportunity to show cause why the action should not be dismissed, and he filed a response. Dkt. 10.

Mr. Linder is attempting to bring federal law claims against the Chief Archivist of the National Archives and Records Administration. Mr. Linder's claim arises from an apparent failure to receive a copy of jury instructions from a criminal case, *United States v. Linder,* 2:04-cr-191-AWA-TEM-1 (E.D. Va.), for which he paid $200.00 to the National Archive Federal Records Center. Dkt. 1 at 1.

As discussed in the Order screening the complaint, there is no federal law that provides a private cause of action under these circumstances. Dkt. 9.

1

Mr. Linder's response to the Order to Show Cause argues that his claim should proceed under the Administrative Procedure Act ("APA"). Dkt. 10 at 3. "Where, as here, the actions of the agency are not made reviewable by a specific statute, the APA allows judicial review of the actions by federal agencies only over 'final agency action for which there is no other adequate remedy in a court.'" *Home Builders Ass'n of Greater Chi. v. U.S. Army Corps of Eng'rs*, 335 F.3d 607, 614 (7th Cir. 2003) (quoting 5 U.S.C. § 704; *Abbs v. Sullivan*, 963 F2d 918, 925-26 (7th Cir. 1992)). "Two conditions generally must be satisfied for agency action to be final under the APA. The challenged action must represent the consummation of an agency's decisionmaking process and must determine rights or obligations." *Dubey v Dep't of Homeland Sec.*, 154 F.4th 534, 537 (7th Cir. 2025). Here, Mr. Linder alleges that NARA "need[s] to get in gear" to complete his request. Dkt. 1 at 3. He therefore has not alleged that NARA has completed "a 'terminal event'" in its "decisionmaking process," so he has not plausibly pleaded a final agency decision reviewable under the APA. *Dubey*, 154 F.4th at 537.

To the extent Mr. Linder argues that this Court has the authority to issue a writ of mandamus, the case he relies on reiterates that "[m]andamus relief is a drastic remedy appropriate only in extraordinary circumstances." *Citizens for Responsibility and Ethics in Washington v. Executive*, 587 F.Supp.2d 48, 62-63 (D.D.C. 2008). "The Supreme Court has emphasized that the common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the

defendant owes him a clear nondiscretionary duty." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell,* 770 F.3d 586, 589 (7th Cir. 2014) (affirming denial of motion for "the extraordinary remedy of mandamus"). Mr. Linder has not indicated that he has exhausted the administrative process as required. *See id.*; dkt. 10.

Moreover, Mr. Linder acknowledges that he has four copies of jury instructions related to a 2004 criminal case in Norfolk, Virginia, but he apparently suspects that one of those copies has been "altered." Dkt. 11-1 at 1. He seeks a certified copy to test his theory of "alteration." The Court takes judicial notice that Mr. Linder was sentenced to life in prison on May 19, 2005, in the Virginia case. *See United States v. Linder,* 2:04-cr-191-AWA-TEM-1 (E.D. Va.). His numerous appeals, motions to vacate, post-judgment motions, letters, and other attempts to vacate that conviction have failed. *See id.* His current attempt to obtain records through this Southern District of Indiana case is not "extraordinary," and would not warrant extraordinary mandamus relief even if he could satisfy the remaining requirements.

Therefore, this action is **dismissed for failure to state a claim upon which relief can be granted.**

Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 7/8/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

DAVID WILLIAM LINDER
25913-048
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808